UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORDELROW BROWN, | |
| Petitioner, | No. 21 C 5256 |
| v. | Judge Thomas M. Durkin |
| ANTHONY WILLS, Warden of Menard Correctional Center, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

After a bench trial in Illinois state court, Cordelrow Brown was found guilty of felony murder. He is serving an 85-year sentence at the Menard Correctional Center in Illinois, in the custody of Warden Anthony Wills. Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden answered the petition seeking its dismissal. R. 21. Brown's petition is denied and the Court declines to issue a certificate of appealability.

**Background**

In November 2007, Brown and others were in a fistfight with Terrell Spencer, Michael Dixon, and Jarrett Swift. Police broke up the fight, but Brown later encountered Spencer and began firing a gun at him. Spencer jumped into Swift's vehicle, where Dixon and Swift were, but was shot in the back. As Brown continued firing at the vehicle, Dixon began firing at Brown but did not hit him.

Meanwhile, Mycal Hunter was sitting in the back seat of his friend's car in the parking lot where the gunfight was occurring. A bullet struck Hunter in the neck,

rendering him a quadriplegic and dependent upon a ventilator for the rest of his life. For medical reasons, the bullet could not be removed from Hunter's neck while he was alive. Three years later, Hunter died as a result of his injuries.

Prior to Hunter's death, Brown was charged with and tried for attempted murder, aggravated battery with a firearm, aggravated battery, and aggravated discharge of a firearm. Brown was convicted of battery and aggravated discharge of a firearm with respect to Spencer, Swift, and Dixon. But the trial court granted Brown's motion for a directed verdict as to the charges of battery and attempted murder of Hunter because no forensic evidence was presented to identify which weapon had fired the bullet that struck Hunter.

After Hunter died in January 2010, Brown was charged with seven counts of first-degree murder for his death: two counts of knowing murder under 720 ILCS 5/9-1(a)(2), and five counts of felony murder predicated on the five felony convictions from the prior trial under 720 ILCS 5/9-1(a)(3). At trial, the expert who performed Hunter's autopsy testified that Hunter's death resulted from blood loss caused by a complication of his ventilator dependency, which stemmed from his gunshot wound. A firearms expert testified that the bullet removed from Hunter's neck during the autopsy did not come from the gun that Dixon fired during the shooting, and that up to four guns could have been fired during the gunfight. The court found Brown guilty of all seven counts of first-degree murder.

On appeal, Brown argued that his murder conviction was barred by the protection against double jeopardy and by the doctrine of collateral estoppel. He

2

claimed that, because the 2009 directed verdict acquitted of him of all charges with respect to Hunter, including the charge of attempted murder, he could not later be prosecuted for Hunter's death. The appellate court held that the convictions for knowing murder were precluded by the doctrine of collateral estoppel, because his earlier acquittal on battery charges with respect to Hunter precluded "knowing" murder. The court held, however, that this finding regarding Brown's state of mind did not preclude his later conviction for felony murder because the offense does not require a particular mental state. Similarly, the second trial did not violate Brown's protection against double jeopardy. Brown filed a petition for leave to appeal to the Illinois Supreme Court, which was denied.

In 2017, Brown filed a postconviction petition, which the trial court dismissed. *See People v. Brown*, 2021 IL App (1st) 190519-U, ¶¶ 17, 22. On appeal, Brown argued that "he received ineffective assistance of counsel from both trial and appellate counsels in that they failed to challenge his felony murder conviction being predicated on the aggravated battery with a firearm committed against Mr. Spencer" because the "act of firing the gun was an act inherent in the fatal shooting itself and had no felonious purpose independent of the fatal shooting." *Id.* ¶ 25. The appellate court held that Brown's argument was meritless because it was not unreasonable for Brown's murder conviction to be predicated on the conviction for aggravated battery with a firearm for shooting Spencer. *Id.* ¶ 30-31. The Illinois Supreme Court denied Brown's petition for leave to appeal.

3

Brown filed his petition in this Court arguing: (1) that his murder conviction violates the Double Jeopardy Clause; (2) that his murder conviction is barred by the doctrine of collateral estoppel; and (3) that he had ineffective assistance of trial, appeal, and postconviction counsel because they failed to argue (a) that a felony-murder conviction predicated on an act of shooting cannot stand if the murder was inherently a part of the shooting itself and (b) that his murder conviction was barred by the doctrine of collateral estoppel.

## Analysis

### I. Double Jeopardy

Brown's first ground for relief is that he was twice put in jeopardy for offenses related to the shooting. R. 19 at 5, 17-20. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." In *Diaz v. United States*, the Supreme Court rejected a double-jeopardy claim in a homicide prosecution in which the defendant had been convicted, before the victim died, of the assault that caused the victim's death. 223 U.S. 442, 448-49 (1912). The Court reasoned that because it was not possible to put the defendant in jeopardy for the victim's homicide until after the victim died, and because the victim did not die until after the first conviction, the defendant was not in jeopardy for the homicide until after he was convicted of the assault. *Id.*; *see also Garrett v. United States*, 471 U.S. 773, 791-92 (1985) (reaffirming and applying the holding in *Diaz*).

4

Here, the Illinois Appellate Court applied the rule from *Diaz* and *Garrett*. *See People v. Brown*, 36 N.E.3d 306, 314-16 (Ill. App. Ct. 1st Dist.). Therefore, its decision was not "contrary to" clearly established federal law. See 28 U.S.C. § 2254(d) ("a federal habeas court may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law"). Nor did the appellate court's decision involve an "unreasonable application" of *Diaz*. As in *Diaz*, Brown could not be charged for Hunter's murder at the time of the first trial because Hunter had not yet died. Brown was therefore not in jeopardy for Hunter's murder at the time of the first trial.

Brown argues that *Diaz* applies only when the defendant was convicted of the first offense. *See* R. 19 at 20. Because no Supreme Court holding establishes that point, his argument is unavailing. *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006). In any event, the fact that Brown was acquitted in his first trial is irrelevant to the logic of *Diaz* as it applies here.[1]

## II. Collateral Estoppel

Brown's second ground for relief is that his murder conviction is barred by the doctrine of collateral estoppel because the first trial court found that he did not

---

[1] Separately, Brown also contends that the appellate court's determination "involved an objectively unreasonable application of the facts in light of the state court record." R. 19 at 17. He argues that the appellate court "ignored that there was [sic] only two shooters and Dixon was excluded as a shooter, leaving only petitioner as factually the only shooter to cause injury to Mr. Hunter according to the record trial court [sic]." R. 25 at 7. It is entirely unclear to the Court what Brown means by raising this issue. In any case, it does not appear to be an issue Brown raised in any of his state court appeals and is therefore defaulted.

knowingly shoot Hunter. R. 19 at 5, 20-21. Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The doctrine is "embodied in the Fifth Amendment guarantee against double jeopardy," *id.* at 445, but is distinct from double jeopardy.

This ground for relief is defaulted because Brown has not "exhausted the remedies available" in the state courts. 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, a petitioner must present his claims to the state's trial, appellate, and supreme courts. *Id.*

"Fair presentment requires a petitioner to put forward operative facts and controlling legal principles." *Sweeney v. Carter*, 361 F.3d 327, 332 (7th Cir. 2004). "Whether she has done so depends on several factors, including: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id.*

Brown argues that the first trial court found "insufficient evidence to convict [him] of firing the shot that struck and injured Hunter," and that the court's finding precludes his conviction for felony murder. R. 19 at 20-21. Although Brown raised double-jeopardy and collateral-estoppel claims in the Illinois Appellate Court on direct appeal, he failed to present the collateral-estoppel claim in his petition for leave to appeal to the Supreme Court of Illinois. *See* R. 22-5. That petition focused on disputing the applicability of *Diaz* and *People v. Carillo*, 646 N.E.2d 582 (Ill. 1995). *Diaz* engages only with a question of double jeopardy, not collateral estoppel. *Carillo* analyzes double jeopardy and collateral estoppel, but Brown cited *Carillo* only with respect to double jeopardy. Brown did not frame his claim in terms that call to mind collateral estoppel. His collateral estoppel ground is therefore defaulted.

Regardless of the default, Brown's collateral-estoppel ground is meritless because the appellate court's application of clearly established law of collateral estoppel was reasonable and correct. The trial court found that there was insufficient evidence that the defendant knowingly fired in the direction of Hunter or caused Hunter's injury. Such a finding would preclude a conviction for intentional or knowing murder, but not felony murder, which does not require a particular mental state. Felony murder requires only that the defendant was committing a forcible felony at the time he performed the acts which resulted in death. The appellate court therefore reasonably concluded that the finding that Brown did not knowingly shoot at Hunter did not preclude Brown's felony-murder conviction.

7

## III. Ineffective Assistance of Counsel

Brown's third ground for relief is that trial, postconviction, and appellate counsel were ineffective because they failed to argue: (1) that *People v. Morgan*, 758 N.E.2d 813 (Ill. 2001), means that a felony-murder conviction predicated on an act of shooting cannot stand if the murder was inherently a part of the shooting itself; and (2) that Brown's murder conviction was barred by the doctrine of collateral estoppel. R. 19 at 6, 21–22. The first argument is meritless, and second is defaulted and meritless.

As to the first argument, Counsel may not be faulted "as ineffective for failing to advance a position under state law that the state appellate court said was meritless." *Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010). Here, the Illinois Appellate Court said just that. *See Brown*, 2021 IL App (1st) 190519-U, ¶ 31 ("[T]he defendant's trial and appellate counsels were not deficient for failing to challenge his felony murder conviction pursuant to *Morgan* considering that it would be a meritless argument.").

The second argument is defaulted because Brown failed to raise it in state court. *See Brown*, 2021 IL App (1st) 190519-U. It is also meritless. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Brown's counsel raised the collateral-estoppel argument on direct appeal, and the appellate court denied that claim on the merits. *See Brown*, 36 N.E.3d at 317–23. Therefore,

8

Brown's other counsel's failure to raise a collateral-estoppel argument does not constitute ineffective assistance of counsel.

## IV. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). For the reasons discussed, Brown has not made such a showing. Accordingly, certification of Brown's claim for appellate review is denied.

## Conclusion

Therefore, Brown's petition is denied and the Court declines to issue a certificate of appealability.

ENTERED:

*Thomas M. Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: July 27, 2022

9